KOLIN C. TANG (SBN 279834)
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
44 Montgomery Street, Ste. 650
San Francisco, CA 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email:  ktang@sfmslaw.com

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTHER COHEN, On Behalf Of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ECO-CHIC LLC d/b/a CREDO BEAUTY,<br><br>Defendant. | Case Number: 3:17-cv-05146<br><br>**COMPLAINT**<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff, Esther Cohen ("Plaintiff"), by and through her undersigned counsel, brings this action on behalf of herself and all other persons similarly situated, against Defendant, Eco-Chic LLC d/b/a Credo Beauty ("Eco-Chic" or "Defendant"), and, in support thereof, avers as follows upon information and belief, except as to allegations specifically pertaining to Plaintiff, which are made upon knowledge.

**NATURE OF ACTION**

1. Plaintiff brings this action individually, and on behalf of the proposed class as more fully defined below.  This action is about certain unfair and deceptive consumer sales practices of Eco-Chic attendant to its online advertising and sale, in the United States, of certain of its products ("Product(s)").  Specifically, Eco-Chic has breached its express warranty and is in violation of the California Consumers Legal Remedies Act, Civil Code § 1750, *et seq*. ("CLRA"); the Unfair Competition Law, California Business and Professions

Code § 17200, *et seq.* ("UCL"); the False Advertising Law, California Business and Professions Code § 17500, *et seq.* ("FAL"); and the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.* ("CFA").

2. In recent years, cosmetics industry participants have become acutely aware that consumers are trending toward "natural" products. Numerous market studies have confirmed this shift, one of which concludes as follows:

> The market research firm [(Mintel)] is quick to point out that 2015 sales in the facial skin care and anti-aging categories were down, '*after years of slow but steady growth*.' And it's mild, natural, and anti-pollution products that are capturing consumer attention just now.[1]

3. Importantly, consumers seek both healthier and ethically superior performance in preferring natural products.

4. Responsive to trending consumer preferences for natural products, Defendant maintains an enterprise ostensibly built around providing consumers with effective makeup and skincare products that are safe, clean, eco-friendly, cruelty-free, organic, and that do not cause any health issues.[2]

5. Defendant is a merchant of beauty products and sells a variety of brands that it represents are "safe, sustainable, and ethically sourced." Defendant sells such products online, at credobeauty.com, and in its stores. Defendant controls the content of its website, including the manner in which it markets and advertises the products that it sells.

6. Defendant purports to provide its customers with brands that "meet [its] high performance standard without compromising [consumers'] health, created by passionate like-minded individuals."[3]

7. Nonetheless, Defendant sells products that are not 100% natural, including the following products, which contain the synthetic, non-natural ingredients listed in parentheses:

---

[1] http://www.cosmeticsdesign.com/Market-Trends/Natural-skin-care-and-anti-aging-beauty-products-still-gaining-popularity (June 22, 2016).

[2] https://credobeauty.com/pages/our-story.

[3] http://credobeauty.com/pages/clean-beauty (June 14, 2017)

Class Action Complaint                                                                 2

- <u>Antonym Cosmetics Lipstick Pencil</u> (octyldodecyl stearoyl stearate, castor isostearate succinate, glyceryl di-hydroxystearate, glyceryl diisostearate)

- <u>Lily Lolo Lipstick</u> (titanium dioxide)

- <u>Rahua Shampoo</u> (coco betaine, potassium sorbate)

- <u>Ursa Major Hoppin' Fresh Deodorant</u> (propanediol, tocopheryl acetate)

- <u>MCMC Desert Rose Atmosphere Mist</u> (denatured alcohol)

- <u>MCMC Dude No. 1 All Natural Cologne</u> (denatured alcohol)

- <u>MCMC Sea Glass Atmosphere Mist</u> (denatured alcohol)

- <u>Lovefresh Grapefruit Deodorant</u> (Emulsifying Wax – coconut derived)

- <u>Rahua Detox & Renewal Treatment Kit</u> (Behentrimonium Methosulfate, Stearalkonium Chloride, potassium sorbate)

- <u>HAN Skincare Cosmetics Cheek & Lip Tint</u> (titanium dioxide)

- <u>HAN Skincare Cosmetics Lip Gloss</u> (titanium dioxide)

- <u>RMS Mascara - Defining</u> (castor isostearate beeswax succinate, Sodium hydroxide)

- <u>Lily Lolo Mascara</u> (propanediol, lactobacillus ferment bis-octyldodecyl dimer dilinoleate/propanediol copolymer, potassium sorbate)

- <u>Rahua Voluminous Conditioner</u> (behentrimonium methosulfate, stearalkonium chloride, potassium sorbate) (the "Product(s)").

8. Plaintiff purchased Rahua Shampoo from Defendant, relying on its representation that the Product was a "100% natural, organic and light-lather shampoo." In addition, Plaintiff purchased an Antonym Cosmetics Lipstick Pencil from Defendant, relying on its representations that "the 100% natural formula contains ingredients that benefit skin."

9. After receiving notice of Plaintiff's allegations, Defendant altered its website to state that all of its products "are either natural (formulated using plants), or made with a combination of safe/non-toxic synthetic ingredients *combined* with plants."[4] However,

---

[4] https://credobeauty.com/pages/clean-beauty (Aug. 24, 2017).

Class Action Complaint 3

Defendant still misleadingly represents that the Products Plaintiff purchased are 100% plant derived (Rahua Shampoo) and 100% natural (Antonym Cosmetics Lipstick Pencil).

10. Defendant even falsely assures consumers that because it carefully screens the ingredients in its products, consumers do not even need to read product labels -- Defendant does it for them. Defendant explicitly tells consumers to trust it and then betrays that trust.

11. Contrary to Defendant's self-serving representations otherwise, it has sold, and continues to sell, Products that contain non-natural ingredients, although it falsely advertises that the Products are "all natural."

12. Defendant knows that its products are not 100% natural, but nonetheless advertises its products in a manner intended to mislead and deceive consumers. As a result, Defendant is able to profit at consumers' expense.

13. Plaintiff relied on Defendant's representations that the Products she purchased were 100% natural and paid a premium for the purported 100% natural products. Nonetheless, each of the Products Plaintiff purchased contained synthetic ingredients.

14. As a result, Plaintiff did not receive the benefit of the bargain. In addition, Plaintiff was exposed to hazardous synthetic ingredients which are particularly hazardous to her, given that she has been diagnosed with psoriasis.

15. Through this action, Plaintiff seeks injunctive relief, actual damages, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class as a result of Defendant's unlawful conduct.

**PARTIES**

16. Plaintiff was and is a resident of Lakewood, New Jersey at all times relevant to this action. Plaintiff, thus, is a citizen of New Jersey.

17. Eco-Chic is a Delaware limited liability company with its principal place of business in San Francisco, California. Defendant, thus, is a citizen of California.

**JURISDICTION AND VENUE**

18. The claims asserted herein arise under the laws of the State of California.

19. This Court has original jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(d) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this is a class action in which certain of the class members and Defendant are citizens of different states.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products occurred within this District. Further, Defendant's online Terms of Use require any dispute to be brought under California law in San Francisco County, California.

21. Defendant is, and was at all relevant times, located in California, prepared its deceptive advertising and sales literature there, and disseminated it within California and to other states from California.

22. Assignment to the San Francisco Division is appropriate under Civil L.R. 3-2(c) and (d) because a substantial part of the events or omissions that give rise to the claim – including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products – occurred within San Francisco County.

## FACTUAL ALLEGATIONS

### A. Eco-Chic Deceives Consumers By Falsely Advertising and Marketing the Products as "100% Natural"

23. Each year, American consumers purchase billions of dollars' worth of "natural" products. For example, "natural lip balm sales (one of the products Plaintiff purchased from Defendant) stood at $126 million in 2012."[5] Natural and/or organic personal care is a multi-billion dollar industry in the United States.

24. Defendant has tapped into this multi-billion dollar industry, misleadingly marketing its products as "100% natural" and deceiving consumers into purchasing products represented to be 100% natural but, which, in fact, contain synthetic ingredients.

---

[5] http://www.npainfo.org/NPA/About_NPA/NPA/AboutNPA/AbouttheNaturalProductsAssociation.aspx?hkey=8d3a15ab-f44f-4473-aa6e-ba27ccebcbb8 (last visited June 30, 2014); https://www.statista.com/statistics/258857/sales-of-the-leading-natural-skin-care-vendors-in-the-us-by-category/.

Class Action Complaint 5

25. The FTC has made clear that it is false and deceptive to advertise or package a product as "100% natural" if it contains any synthetic ingredients, stating "[i]f companies market their products as 'all natural' or '100% natural,' consumers have a right to take them at their word."[6]

26. As discussed in ¶ 8, each of the Products contains non-natural, synthetic ingredients. For example, various Products contain denatured alcohol, coco betaine, potassium sorbate, titanium dioxide, and propanediol. Such ingredients cannot be characterized as "100% natural," and, thus, Defendant's representations about the Products' natural quality are false and misleading.

27. One Product that Plaintiff purchased, Rahua Shampoo, which Defendant represented to be "100% natural" at the time of Plaintiff's purchase (and which Defendant now represents is 100% plant derived), contains coco betaine, a synthetic surfactant that is derived from coconut oil, but synthesized for cosmetic purposes. Coco betaine has been associated with irritation and allergic contact dermatitis, reactions that could be due to the ingredient itself or to impurities present in it.

28. A reasonable consumer purchasing a product identified as 100% natural would not expect the product to contain synthetic ingredients. Indeed, Plaintiff purchased the Products expecting them to contain only natural ingredients, and has been damaged insofar as the Products did not contain 100% natural ingredients.

29. Many of the ingredients contained in the Products are the result of complex, multi-step processes that involve the use of toxic chemicals. The end products are substances which do not exist in nature, and which could not exist without the complex chemical processes. Defendant's characterization of the Products as "100% natural" is thus deceptive and false.

30. Eco-Chic's representations that it carefully vets the ingredients, such that consumers need not even read the label, and its representation that the Products are "100%

---

[6] https://www.ftc.gov/news-events/blogs/business-blog/2016/04/are-your-all-natural-claims-all-accurate.

natural," unequivocally demonstrate Defendant's intent to mislead the consumers into believing that the Products contain only natural ingredients when, in fact, they contain synthetic ingredients.

### B. Plaintiff's Experience

31. On or about June 10, 2017, Plaintiff purchased Antonym Cosmetics Lipstick Pencil and Rahua Shampoo on Eco-Chic's website.

32. Plaintiff relied on Defendant's false, misleading, and deceptive representations that Antonym Cosmetics Lipstick Pencil and Rahua Shampoo would provide 100% natural, relatively safe, environmentally sound, and non-injurious, non-abrasive alternatives to traditional cosmetics. Plaintiff would not have purchased the Products had she known that Defendant's representations as to the Products were false.

33. As mentioned, Plaintiff suffers from psoriasis, an immune-mediated disease that causes skin rashes. Plaintiff's psoriasis can be aggravated by the synthetic ingredients in the Products. In particular, ingredients like coco betaine (contained in the Rahua Shampoo that Plaintiff purchased) can inflame Plaintiff's condition, given that her psoriasis makes her prone to skin rashes.

34. Defendant knew that its products contains synthetic ingredients, but advertised, and continues to advertise, the products as 100% natural. Accordingly, Plaintiff seeks to enjoin Defendant from continuing to falsely advertise its products as 100% natural, and seeks damages.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of herself and all other persons similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

36. The class (the "Class") that Plaintiff seeks to represent is defined as follows:

> All persons in the United States who purchased any of the Products (defined in ¶ 7) from Defendant through its website, credobeauty.com.

37. In addition, Plaintiff asserts claims, in the alternative, under New Jersey law on behalf of the following class of New Jersey residents (the "New Jersey Class") (collectively,

the "Class"):

> All persons in New Jersey who purchased any of the Products (defined in ¶ 7) from Defendant through its website, credobeauty.com.

38. Excluded from the Class are (a) Defendant, including any entity in which Defendant has a controlling interest, and its representatives, officers, directors, employees, assigns and successors; (b) any person who has suffered personal injury or is alleged to have suffered personal injury as a result of using the Products; and (c) the Judge to whom this case is assigned.

39. <u>Numerosity/Impracticability of Joinder</u>. The members of the Class are so numerous that joinder of all members would be impracticable. The proposed Class includes, at a minimum, thousands of members. The precise number of Class members can be ascertained by reviewing documents in Defendant's possession, custody and control or otherwise obtained through reasonable means.

40. <u>Commonality and Predominance</u>. There are common questions of law and fact which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, include, but are not limited to, the following:

   a. whether Defendant engaged in a pattern of fraudulent, deceptive and misleading conduct targeting the public through the marketing, advertising, promotion and/or sale of the Products;

   b. whether Defendant's acts and omissions violated California consumer protection law and breached express warranties;

   c. whether Defendant made material misrepresentations of fact or omitted material facts to Plaintiff and the Class regarding the marketing, promotion, advertising and sale of the Products;

   d. whether Defendant's false and misleading statements of fact regarding the Products were intended to, and likely did, deceive the public;

   e. whether, as a result of Defendant's misconduct, Plaintiff and the Class are entitled to equitable relief and other relief, and, if so, the nature of such relief;

   f. whether Plaintiff and the members of the Class have sustained ascertainable loss and damages as a result of Defendant's acts and omissions, and the proper measure thereof; and

   g. whether Defendant's acts and omissions violated New Jersey consumer protection law; and

   h. whether Plaintiff and the members of the Class are entitled to injunctive relief.

41. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent.  Plaintiff and all Class members have been injured by the same wrongful practices in which Defendant has engaged.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members, and are based on the same legal theories.

42. <u>Adequacy</u>.  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained Class counsel who are experienced and qualified in prosecuting class actions.  Neither Plaintiff nor her attorneys have any interests which are contrary to or conflicting with the Class.

43. <u>Superiority</u>.  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable.  While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each Class member resulting from Defendant's wrongful conduct are too small to warrant the expense of individual suits.  The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.  Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.  In addition, Defendant has acted or refused to act on grounds generally applicable to

the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

## FIRST CAUSE OF ACTION
### Breach of Express Warranty
### (On Behalf of the Class)

44. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

45. When Plaintiff and the members of the Class purchased the Products, Defendant expressly warranted that the Products were 100% natural and did not contain harmful ingredients.

46. For the reasons discussed heretofore, Defendant failed to provide Plaintiff and the Class with Products that meet Defendant's representations, as the Products contain non-natural, synthetic ingredients, some of which are hazardous.

47. As a result, Defendant breached the terms of its express warranty and Plaintiff and the members of the Class have been damaged.

48. Plaintiff has satisfied all conditions precedent to holding Defendant liable for breach of express warranty.

49. Further, any effort by Defendant to disclaim or otherwise limit liability should be estopped because Defendant wrongfully, uniformly, and repeatedly misrepresented the purported "all natural" quality of the Products, such that consumers were, and are, misled.

## SECOND CAUSE OF ACTION
### Violation of the California Consumer Legal Remedies Act
### Cal. Civil Code § 1750, *et seq.*
### (On Behalf of the Class)

50. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

51. Defendant is a "person" within the meaning of the CLRA.

52. Plaintiff is a "consumer" and the Products constitute "goods" for the purposes of the CLRA.

53. Defendant engaged in conduct that violates the CLRA in the following ways:

a. Defendant violated Cal. Civ. Code § 1770(a)(5) by representing that the Products have all natural characteristics which they do not have;

b. Defendant violated Cal. Civ. Code § 1770(a)(7) by representing that the Products are 100% natural when they contain synthetic ingredients;

c. Defendant violated Cal. Civ. Code § 1770(a)(9) by advertising the Products as 100% natural, although it intended to sell them containing non-natural, synthetic ingredients; and

d. Defendant violated Cal. Civ. Code § 1770(a)(16) by representing that the Products were supplied as 100% natural, when they were not.

54. Defendant knew that the Products were not "100% natural," and actively misrepresented the Products as "100% natural," even though it knew the Products contain synthetic ingredients.

55. Such conduct was likely to deceive, and did deceive, reasonable consumers, including Plaintiff, and the information misrepresented would be material to a reasonable consumer in deciding to purchase the Products and in considering how much to pay for the Products.

56. In accordance with Cal. Civ. Code § 1780(a), Plaintiff and the members of the Class seek injunctive and equitable relief for violations of the CLRA, as well as all other relief to which the Court may deem Plaintiff is entitled.

57. Plaintiff has satisfied the notice prerequisites of Cal. Civ. Code § 1782, as she notified Defendant in writing on June 26, 2017 about the conduct alleged herein.

### THIRD CAUSE OF ACTION
**Violation of the California False Advertising Law**
**Cal. Bus. & Prof. Code § 17500,** *et seq.*
**(On Behalf of the Class)**

58. Plaintiff realleges and incorporates by referenced the allegations contained in the paragraphs above as if fully set forth herein.

Class Action Complaint                                                                 11

59. Section 17500 of the FAL proscribes disseminating any statement in California "which is untrue or misleading, and which is known, or which by the exercise of care should be known, to be untrue or misleading," with the intent to dispose of any property.

60. Defendant has violated § 17500 because it disseminated false advertisements regarding the Products' purported natural quality to members of the public, with the intent to sell the Products.

61. Defendant knew that the Products contain non-natural, synthetic ingredients, and thus, knew that its statements were misleading and untrue.

62. Plaintiff and the members of the Class relied upon Defendant's misrepresentations in deciding to purchase the Products and have been damaged as a direct and proximate result. Had Plaintiff and the members of the Class known that the Products contained non-natural, synthetic ingredients, they would not have purchased the Products, or would have paid less for them.

63. Defendant engaged, and continues to engage, in a pattern of wrongful conduct in the course of selling the Products, including in the State of California. Plaintiff, therefore, seeks to enjoin Defendant from continuing to engage in this pattern of wrongful, deceptive conduct, and seeks such other relief as set forth below.

**FOURTH CAUSE OF ACTION**
**Violation of the California Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200, *et seq*.**
**(On Behalf of the Class)**

64. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

65. Section 17200 of the UCL prohibits any "unlawful, unfair or fraudulent business act or practice" and any "unfair, deceptive, untrue or misleading advertisement."

66. Defendant has violated the unlawful prong of § 17200 by its violations of the CLRA, as set forth above.

67. In addition, Defendant has violated the unfair prong of § 17200 through the acts described of herein, including, *inter alia*, misrepresenting that the Products are "100%

natural" and failing to disclose to consumers that the Products contain non-natural, synthetic ingredients. As a result, Plaintiff and the members of the Class relied on Defendant's misrepresentations in deciding whether to purchase the Products. The misrepresentations were material information that would have influenced Plaintiff and the Class members' decisions.

68. Defendant has also violated the fraudulent prong of § 17200 insofar as the misrepresentations related to the Products' purported natural quality were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

69. Defendant has, additionally, violated § 17200 by engaging in misleading advertising tactics, which misrepresent the natural quality of the Products and induce consumers to purchase the Products based on Defendant's assurances that the Products have been vetted sufficiently, such that consumers need not even read the ingredient label.

70. As a direct and proximate result of Defendant's deceptive conduct, Plaintiff and the members of the Class have been damaged.

71. Defendant continues to engage in this pattern of deceptive conduct and, thus, Plaintiff and the members of the California Class seek to enjoin Defendant from continuing its unfair, unlawful, and deceptive practices.

**FIFTH CAUSE OF ACTION**
**Violation of the New Jersey Consumer Fraud Act**
**N.J.S.A. § 56:8-1, *et seq*.**
**(On Behalf of the New Jersey Class)**

72. Plaintiff realleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

73. Plaintiff and Defendant are "persons" within the meaning of the CFA.

74. Plaintiff and the members of the New Jersey Class are "consumers" for the purposes of the CFA.

75. Defendant's practices violated the CFA to the extent Defendant materially misrepresented the nature of the Products (*i.e.*, stating they were "100% natural" and free from hazardous ingredients when, in fact, they contained synthetic ingredients), in connection

with its marketing and sale of the Products, with the intent that consumers rely upon its misrepresentations and purchase the Products.

76. Plaintiff and the members of the New Jersey Class relied upon Defendant's material misrepresentations in deciding to purchase the Products, and were damaged as a direct and proximate result.

77. Had Defendant disclosed the material fact that the Products contained synthetic ingredients to Plaintiff and the members of the New Jersey Class, they would not have purchased the Products, or would have paid less for them.

78. Accordingly, Plaintiff seeks damages and all other appropriate relief to which the Court concludes Plaintiff is entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the members of the proposed Class, prays for judgment as follows:

- a. Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and her counsel as Class counsel;
- b. Compensatory and other damages for economic and non-economic damages, including punitive and/or treble damages where permitted;
- c. An Order enjoining Defendant from continuing to engage in its pattern of unlawful, fraudulent, deceptive, and unfair conduct, as alleged in this Complaint;
- d. Statutory pre-judgment and post-judgment interest on any amounts;
- e. Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and
- f. Such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 5, 2017

By: s/ Kolin C. Tang
KOLIN C. TANG (SBN 279834)
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
44 Montgomery Street, Ste. 650
San Francisco, CA 94104
Telephone: (415) 429-5272
Facsimile: (866) 300-7367
Email: ktang@sfmslaw.com

JAMES C. SHAH (SBN 260435)
SHEPHERD, FINKELMAN, MILLER
 & SHAH, LLP
35 East State Street
Media, PA 19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
Email: jshah@sfmslaw.com

*Attorneys for Plaintiff and
the Proposed Class*